IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

ROBERT A. SHEPHERD,

Petitioner,

vs.

LEROY KIRKEGARD; ATTORNEY GENERAL OF THE STATE OF MONTANA,

Respondents.

Cause No. CV 14-55-GF-DLC-JTJ

FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE

On August 18, 2014, Petitioner Robert A. Shepherd filed this action under 28 U.S.C. § 2254. Shepherd is a state prisoner proceeding pro se.

**I. Background**

On September 9, 2009, Shepherd was involved in a single-vehicle crash on Wild Horse Road in Hill County, Montana. Another person, Joel Bell, was killed in the accident. At the outset of the crash, the vehicle was traveling at about 105 miles per hour. Both Bell and Shepherd were ejected from the vehicle, which rolled 2½ times, coming to rest on its top. Shepherd was seriously injured. Information (Doc. 1-2 at 2-4). He suffered a broken neck and traumatic brain injury. Reply Br. (Doc.

1-4 at 8).[1]

At some point prior to or immediately following Shepherd's admission to the hospital, someone told the attending physician that the driver died at the scene of the accident and Shepherd was the passenger. Shepherd told a deputy he was driving, Information at 5; Interview Tr. (Doc. 1-3 at 1), but later in the same interview said he was with two other men and he was traveling at 25 miles per hour. Interview Tr. at 3-4. When the deputy asked whether he remembered where the crash occurred, Shepherd replied, "What crash?" *Id.* at 4.

The vehicle belonged to Shepherd. Reply Br. (Doc. 1-4 at 9) (quoting transcript of plea colloquy). Shepherd's driver's license gave his height as 6′0″. Bell's height was 5′8″. After measuring the distances from the driver's seat to the accelerator and brake pedal, investigators concluded that Shepherd was driving the vehicle. Shepherd's blood-alcohol concentration was 0.14 grams per 100 milliliters. Information at 5.

Shepherd was charged in Montana's Twelfth Judicial District Court with one count of vehicular homicide under the influence of alcohol in violation of Montana Code Annotated § 45-5-106. Although he was unable to recall the accident, he entered a no contest plea. Judgment was entered on November 19, 2010. He was

[1] Where possible, page citations in this document refer to the page number on the original document (*e.g.*, "Information (Doc. 1-2) at 2-4"). In some instances, however, there is no page number on the document. For those documents, page citations refer to the page number assigned by the Court's electronic filing system (*e.g.*, "Reply Br. (Doc. 1-4 at 8)").

sentenced to serve the statutory maximum term of 30 years in prison. Pet. (Doc. 1 at 2-3 ¶¶ 1-5).

On April 12, 2013, Shepherd filed a motion in the trial court to withdraw his guilty plea. *See* Order (Doc. 1-10 at 3 ¶ 3), *State v. Shepherd*, No. DA 13-0440 (Mont. June 10, 2014) (unpublished disposition). When the trial court denied his motion, he appealed. On June 10, 2014, the Montana Supreme Court affirmed the motion's denial. *Id.* at 4 ¶¶ 7-8.

Shepherd filed his federal habeas petition on August 15, 2014. Pet. at 8 ¶ C.

## II. Shepherd's Claims

Shepherd contends that he has recently recovered his memory of the accident and that he now knows he was not driving when the crash occurred. He contends, first, that counsel was ineffective because he failed to formulate a defense, failed to move to dismiss, and failed to move to suppress the statement he made at the hospital. Pet. at 9-12. Second, he claims the prosecution relied on his statement to the deputy at the hospital that he was driving. He asserts that this reliance was unlawful because the statement was both false and obtained by exploiting his medical condition. He also claims the prosecution failed to produce the exculpatory "report" from the emergency room attending physician who stated that the driver died at the scene. *Id.* at 13-15. Third, he claims both these errors were cumulative in effect. *Id.* at 16-18. Fourth, he claims he has newly discovered

evidence of his innocence and is now "able to describe the actions of the deceased that caused the accident in question." *Id.* at 19-21. Fifth, he claims that he meets the "miscarriage of justice" exception to time and procedural bars. *Id.* at 22-24.

## III. Analysis

Shepherd undervalues the strength of the prosecution's case and the weakness of his own. Even without his statement to the deputy, the State still had evidence sufficient to persuade a reasonable juror beyond reasonable doubt that Shepherd was driving. The vehicle belonged to Shepherd, and the position of the accelerator and brake pedal were more consistent with Shepherd driving than with Bell driving. Shepherd's petition is untimely, and he has failed to establish that he is entitled to equitable tolling or that his "actual innocence" overcomes either the 28 U.S.C. § 2254(d)(1) limitations period or the procedural bar.

### Federal Statute of Limitations

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides state prisoners seeking habeas relief under 28 U.S.C. § 2254 with a one-year limitations period for filing petitions. This limitations period is set forth in 28 U.S.C. § 2254(d)(1). Shepherd identifies no reason to apply one of the other "trigger" dates in 28 U.S.C. § 2254(d )(1), and the Court perceives none. Therefore, Shepherd's federal petition had to be filed within one year of the date his conviction became final. 28 U.S.C. § 2244(d)(1)(A). Shepherd did not file a

notice of appeal in state court; thus, his conviction became final 60 days after entry of the written judgment, that is, on January 18, 2011. Mont. R. App. P. 4(5)(b)(i) (2008); *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 653-54 (2012). Shepherd should have filed his federal petition on or before Wednesday, January 18, 2012. He filed in this Court on August 15, 2014, more than two and a half years too late.

Federal time is tolled while a state prisoner's "properly filed application for State post conviction or other collateral review" is pending in state court. 28 U.S.C. § 2244(d)(2). As stated above, on April 12, 2013, Shepherd filed a motion to withdraw his guilty plea in the trial court. This motion was filed fifteen months after the federal limitation period had already expired. Thus, it did not toll any time in Shepherd's favor. 28 U.S.C. § 2244(d)(2); *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005).

Shepherd was given the opportunity to show cause why his failure to meet the statutory filing requirement should be excused. On July 9, 2015, Shepherd filed "Brief of Petitioner to Show Cause." (Doc. 24). Shepherd argues that he is eligible for equitable tolling under *Holland v. Florida*, 560 U.S. 631, 649 (2010), and that he is actually innocent of the crime for which he has been convicted, so as to excuse the limitations period altogether.

**i. Equitable tolling**

While the Supreme Court has established that the limitations period of

Section 2244(d)(1) may be equitably tolled in certain circumstances, the application of the equitable tolling doctrine is the exception and not the norm. *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009) (application of the equitable tolling doctrine should be "sparing" and a "rarity").

Shepherd may receive equitable tolling only if he shows (1) that he had been pursuing his right diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing. *Holland*, 560 U.S. at 649. To seek equitable tolling on the grounds of mental incompetence, Shepherd must demonstrate extraordinary circumstances, such as "an inability to rationally or factually personally understand the need to timely file, or a mental state rendering an inability to personally prepare a habeas petition and effectuate its filing." *Orthel v. Yates*, __ F.3d __, 2015 WL 4529336 at *2 (9th Cir. 2015) (citing *Bills v. Clark*, 628 F.3d 1092, 1096 (9th Cir. 2010)).

Shepherd has not convincingly established either prong of this test. Shepherd argues that his brain injury and consequent mental problems caused him many issues in the two years following the accident and that he did not recover his memory of the accident until after a significant amount of time had passed. (Doc. 24 at 4). Shepherd argues that once he did recover his memory and received the allegedly withheld reports, he began acting diligently to pursue his rights. *Id*. at 12.

This Court is not persuaded by Shepherd's arguments. As to Shepherd's

ineffective assistance claims that counsel failed to formulate a defense, failed to move to dismiss, and failed to move to suppress the statement he made at the hospital, it is undisputed that Shepherd knew of these alleged deficiencies when he entered his no contest plea and certainly maintained knowledge of them for the following year. Likewise, as to Shepherd's claim the prosecution unlawfully relied upon his statement to the the deputy that he was driving, both Shepherd and his attorney knew of this problematic disclosure and the State's reliance upon it prior to his decision to enter a no contest plea.

Shepherd faults the prosecution for allegedly withholding discovery and not disclosing the autopsy report. It is unclear from the record if an autopsy report even exists. Shepherd concedes that he "had requested his trial counsel several times for this report." (Doc. 24 at 5). From this statement it is apparent that both Shepherd and his trial counsel were aware that they had not received an autopsy report prior to his entry of plea. The time to request the report would have been during his trial court proceedings, not years later. Shepherd's third claim for cumulative error based on his first two claims is subsumed in the prior claims and, likewise, is time barred.

Furthermore, the record belies Shepherd's claim that he was still suffering the effects of his brain injury and unaware of the consequences of his decision to proceed forward at the time of his change of plea. The trial court reviewed all of

Shepherd's constitutional rights with him prior to the entry of his no contest plea. (Doc. 16-2 at 3-8). Specifically, Shepherd acknowledged that: he was not threatened or forced to enter the plea (*id*. at 3); no promises had been made to him (*id*.); he understood the maximum possible penalties provided by law (*id*. at 4); he did not want to proceed to trial (*id*. at 5); the plea agreement he was entering into was not binding on the court (*id*. at 5-6); he was satisfied with the services of his attorney (*id*. at 6); he was not suffering from any emotional or mental disability (*id*.); and he was not under the influence of any mood-altering substances or prescription medication (*id*.).

Through counsel, Shepherd acknowledged that: the vehicle involved in the accident belonged to him (doc. 16-2 at 13); following the accident, a blood test revealed the alcohol in his system was above the legal limit (*id*. at 14); despite not recalling the exact interview, he had admitted to being the driver of the vehicle (*id*. at 14-15); and he had reviewed the accident and reconstruction reports that revealed his operation of the vehicle to be impaired (*id*. at 15). Finally, Shepherd expressed his belief that, having considered of all of the information gathered by the State, there existed a high likelihood that he would be convicted at trial. (*Id*. at 15-16). At his sentencing, Shepherd addressed the trial court and spoke rather eloquently on his own behalf. (Doc. 16-3 at 47-48).

The medical records contained within the record cover the time period from

the accident on September 9, 2009, to Shepherd's subsequent hospital stay and rehabilitation. They were made available for review to Shepherd and defense counsel on January 4, 2010. (Doc. 16-4 at 3). There are no medical reports that show Shepherd's mental condition subsequent to January of 2010. There is nothing in the record to establish that his ability to rationally or personally comprehend issues, such as the need to timely file or personally prepare a court document, was compromised in the wake of his sentencing or in the subsequent years.

Shepherd has failed to establish both an extraordinary circumstance and the diligent pursuit of his rights. There was no impediment to Shepherd raising his claims within the statutory timeline. Assuming Shepherd did recover his memory more than a year after his conviction became final, he knew of the alleged constitutional deficiencies—including the ineffective assistance of trial counsel and the prosecutorial misconduct—well before his memory of the actual accident resurfaced. These claims were independent of his innocence claim and needed to be diligently pursued and raised in a timely manner. Because they were not, Shepherd's claims are now time barred without excuse.

**ii. Actual innocence**

Shepherd argues that he now has recovered his memory from the day of the accident and recalls that he was the passenger, not the driver, of the vehicle. The Ninth Circuit has held that an actual innocence exception exists to the limitations

period of Section 2244(d)(1) and that a petitioner who makes a showing may pass through the *Schlup* gateway and have his otherwise time-barred claims heard on the merits. *Lee v. Lampert*, 653 F.3d 929, 932 (9th Cir. 2011). In order to present an otherwise time-barred claim under *Schlup*, a petitioner must produce sufficient proof of his actual innocence to bring him within the "narrow class of cases . . . implicating a fundamental miscarriage of justice." *Lee*, 653 F.3d at 937 (quoting *Schlup v. Delo*, 513 U.S. 298, 314-5(1995)). The evidence of innocence must be "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Schlup*, 513 at 316.

To pass through the *Schlup* gateway, a "petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id*. at 327. This standard "permits review only in the 'extraordinary' case," but it "does not require absolute certainty about the petitioner's guilt or innocence." *House v. Bell*, 547 U.S. 518, 538 (2006). *Schlup* requires a petitioner "to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. The habeas court then "consider[s] all the evidence, old and new, incriminating and exculpatory, admissible at trial or not." *Lee*, 653 F.3d

at 938 (quoting *House*, 547 U.S. at 538). On this complete record, the court makes a "probabilistic determination about what reasonable, properly instructed jurors would do." *Id*.

Shepherd argues that his newly recovered memory establishes that he was not the driver at the time of the accident. Shepherd also argues that there was an exculpatory "report" from the emergency room attending physician who stated that the driver died at the scene and, thus, it was Bell and not Shepherd who was responsible for the accident. Shepherd contends that this information supports his claim of actual innocence.

In support of his argument, Shepherd has attached several medical reports now in his possession that he believes conclusively demonstrate he was not the driver. For example, in an Emergency Room Note, Dr. Peterson of the Northern Montana Hospital observed:

> Mr. Shepherd is a 40 year-old male brought to the ED by Havre Ambulance. They were called to a single vehicle motor vehicle accident. It was not witnessed and so we are uncertain of the speed in which it occurred. The person who appeared to be the driver was dead at the scene. Mr. Shepherd was found about 50 feet away from the vehicle.

(Doc. 1-5 at 2). A discharge report from Benefis West Rehabilitation Center states: "patient was well until 9/10/09 when he was involved in a motor vehicle accident as an unrestrained passenger." (Doc. 24-1 at 2); (see also *id*. at 3) ("He was an unrestrained passenger and thrown, by report, 50 feet from the car. The driver died

at the scene.”). Shepherd himself attempted to discern where this statement came from and inquired of the first responders, the Havre Fire and Ambulance Crew. The Havre Fire Chief stated that there was nothing in their report indicating that the person who appeared to be the driver was dead at the scene. The Fire Chief opined that the statement “might” have been made by “someone from law enforcement that had been at the scene then came to the hospital.” (Doc. 1-11 at 2).

The source of the statement that Shepherd was the passenger is unclear, and Shepherd is unable to establish the source. From a review of the record, it appears that this statement was at some point related to one of the initial treating medical professionals. The information was then passed from medical chart to medical chart as Shepherd remained hospitalized in the weeks following the accident. This information was generated to treat Shepherd, and it is not from an official court record or report. As the initial report itself states, there was no eyewitness to the accident. There is no reliable context within which to place this information; it was not given under oath or in a law enforcement setting. Without knowing the source of this information, not only is it not persuasive, it is certainly not reliable.

As set forth above, the record does not reveal the existence of an autopsy report. Therefore, Shepherd’s contention that the “newly discovered” autopsy report coupled with information in the medical charts somehow shows that his recovered memories of the accident are valid falls short. Furthermore, this

evidence is not the type contemplated by *Schlup*: it is not exculpatory scientific evidence, a trustworthy eyewitness account, or critical physical evidence. *See Schlup*, 513 U.S. at 324. In short, Shepherd has not made an adequate showing of innocence to have his time barred claims heard on the merits.

**Procedural Default**

A claim is procedurally defaulted if the state court declined to address the issue on the merits for procedural reasons such as waiver or preclusion. *Ylst v. Nunnemaker*, 501 U.S. 797, 802-05 (1991); *Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002). A higher court's subsequent summary denial reaffirms the lower court's application of a procedural bar. *Ylst*, 501 U.S. at 803. This is what occurred in Shepherd's case; the Montana Supreme Court affirmed the trial court's denial of Shepherd's motion to withdraw his guilty plea and did not consider any of the merits of Shepherd's claims under federal law. Thus, all of his claims are procedurally defaulted. *Ake v. Oklahoma*, 470 U.S. 68, 74-75 (1985); *Collier v. Bayer*, 408 F.3d 1279, 1284 (9th Cir. 2005).

A habeas petitioner may "qualify for relief from his procedural default if he can show that the procedural default would result in a 'fundamental miscarriage of justice.' " *Cook v. Schiriro*, 538 F.3d 1000, 1028 (9th Cir. 2008) (citing *Schlup*, 513 U.S. 298, 321). This exception to the procedural default rule is limited to habeas petitioner who can establish that "a constitutional violation has probably

resulted in the conviction of one who is actually innocent." *Schlup*, 513 U.S. at 327.

In his response to the order to show cause, Shepherd puts forth his actual innocence/fundamental miscarriage of justice claim to excuse not only his untimely filing but also his procedural default. The claim fails as to procedural default, just as it did to the time bar *supra*. Shepherd's "newly discovered evidence" is not of the kind and character required to carry his burden under *Schlup*. In reality, this information is not really even evidence: a statement from an unidentified person, a non-existent autopsy report, and Shepherd's bare assertion that he was not the driver do not constitute "new reliable evidence" needed to invoke the *Schlup* gateway, much less meet the demanding showing required to establish actual innocence. Moreover, the evidence of the vehicle's ownership and the position of the accelerator and brake pedals remains unrefuted. Shepherd is unable to show that "in light of all the evidence, it is more likely than not that no reasonable juror would find him guilty beyond a reasonable doubt." *Smith v. Baldwin*, 510 F.3d 1127, 1140 (citing *Schlup*, 513 U.S. 298). Shepherd has failed to make an adequate showing to excuse the procedural default.

**Certificate of Appealability**

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254

Proceedings. A certificate of appealability should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Shepherd has not made a substantial showing that he was deprived of a constitutional right. Further, because he failed to present his claims to the Montana Supreme Court, reasonable jurists would find no basis to encourage further proceedings. There are no close questions and there is no reason to encourage further proceedings. A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

**RECOMMENDATION**

1. Mr. Shepherd's petition (Doc. 1) should be **DISMISSED WITH PREJUDICE** as time-barred and procedurally defaulted without excuse.

2. The Clerk of Court should be directed to enter, by separate document, a

judgment of dismissal.

3. A certificate of appealability should be **DENIED**.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Shepherd may object to this Findings and Recommendation within 14 days.[2] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Mr. Shepherd must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this action without notice to him.

DATED this 5th day of August, 2015.

/s/ John Johston
John Johnston
United States Magistrate Judge

[2] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.